## GAMMAGE *v.* THE STATE.

An indictment for the statutory offense of false swearing, in that the accused falsely swore, in an affidavit to a specified account, that the person against whom the account was made out was indebted to him the amount of the same, need not allege that the affidavit was material, nor that it was made for the purpose of influencing or misleading any one or under circumstances that would influence or mislead any one.

Submitted December 21, 1903. — Decided January 15, 1904.

Indictment for false swearing. . Before Judge Roan.     Fulton superior court.     October 23, 1903.

*Joseph W. & John D. Humphries*, for plaintiff in error.
*Charles D. Hill*, solicitor-general, contra.

FISH, P. J.     T. C. Gammage was indicted for the statutory offense of false swearing.     Upon the overruling of his demurrer to the indictment, he excepted.     The part of the indictment material to be considered in deciding the questions made in the record charges that the accused, on September 22, 1902, wilfully, knowingly, absolutely, and falsely swore, in an affidavit made before S. H. Landrum, a justice of the peace in and for Fulton county, that one J. B. Thompson was indebted to the accused in the sum $16.40, on an itemized account set out in the indictment.     ·The demurrer to the indictment was:     " 1. Because it is not alleged that said affidavit was in any way material to said account.     2. Because it is not alleged that said affidavit was in any manner whatever material.     3. Because it is not alleged that said affidavit was made with any purpose whatever to influence or mislead any one whatever, nor under any circumstances that would influence or mislead any one."

Perjury consists " in wilfully, knowingly, absolutely, and

falsely swearing, . . or affirming, in a matter material to the issue or point in question, in some judicial proceeding, by a person to whom a lawful oath or affirmation is administered." Penal Code, § 256. False swearing consists "in wilfully, knowingly, absolutely, and falsely swearing, . . . or affirming, in any matter or thing (other than a judicial proceeding), by a person to whom a lawful oath or affirmation is administered." Penal Code, § 258. The legislature evidently intended, in this latter section, to make false swearing penal where it would not be punishable as perjury under the common-law or statutory definition of that offense. In perjury the false oath must be "in a matter material to the issue or point in question, in some judicial proceeding." While a false oath "in any matter or thing (other than a judicial proceeding)" will constitute the offense of false swearing, when made by a person to whom a lawful oath or affirmation is administered, it is manifest that the materiality of the oath does not constitute an essential element of the latter offense, and therefore it need not be alleged. Nor is it necessary to allege that the purpose of the oath was to influence or mislead any one, or that it was made under circumstances that would influence or mislead any one. The indictment substantially followed the section of the Penal Code defining false swearing, and, we think, it was good against the demurrer filed thereto; but whether or not the indictment is subject to other exception is not now determined. The present ruling goes only to the extent of holding that the points made in the demurrer were not well taken.

*Judgment affirmed. All the Justices concur.*